UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DUSTIN CHADWICK, )<br>  )<br>             Petitioner, )<br>v.                                                    )          No. 1:07-cv-1603-SEB-JMS<br>  )<br>WENDY KNIGHT, )<br>  )<br>             Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Indiana prisoner Dustin Chadwick is entitled to the writ of habeas corpus he seeks with respect to the disciplinary proceeding he challenges only if the court finds that he is "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be denied.

**Background**

The pleadings and the expanded record in this action establish the following:

1.      Chadwick is confined at an Indiana prison. In a proceeding identified as No. IYC 07-10-0027, he was charged with the unauthorized use of a controlled substance. This charge was based on a report that on September 22, 2007, Chadwick submitted a urine sample for a drug screen, the sample was tested by an outside laboratory, and the test results of that sample showed the presence of Cannabinoids (THC)–Carboxy THC.

2.      Chadwick was provided with a copy of the charge and notified of his procedural rights in connection with the matter on October 3, 2007. A hearing was conducted on October 10, 2007, at which Chadwick was present and made a statement. After considering this statement and the other evidence, the conduct board found Davis guilty as charged. He was then sanctioned.

3.      After completing his administrative appeal, Chadwick filed the present action. He contends that the disciplinary proceeding is tainted by constitutional error. His specific claim is that he was denied the right to present documentary evidence in his defense.

**Discussion**

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Chadwick received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Chadwick was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Chadwick's argument that he was denied the protections afforded by *Wolff* and *Hill* is unpersuasive. He phrases his claim as the denial of the right to present evidence, and of course there is a limited right in this setting to do precisely that. *Wolff,* 418 U.S. at 566-67. This is a square peg in a round whole, however, for his specific contention is that his request for a second test was not honored--although a second test after the hearing in No. IYC 07-10-0027 was conducted and tested negative for THC. Best understood, therefore, Chadwick's claim is that he was denied the opportunity, through a second test, to cast doubt on the validity of the results of the first test. This claim will not support the relief he seeks, however, because prisoners have no right to secure forensic testing, *Frietas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988); *U.S. ex rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981), and a second urinalysis is of the same nature.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Chadwick to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/23/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana